# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:___cv___
## [3:95cr31]

| | | |
|---|---|---|
| CEDRIC LAMONT DEAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on petitioner's second Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). Previously, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence in the underlying criminal action, United States v. Dean, 3:95cr31 (#254), which the court denied in accordance with 28 U.S.C. §1915(e)(2) as untimely. Id. at (#262); see also Dean v. United States, 3:01cv362-1. After filing those Section 2255 petitions, petitioner has been twice resentenced under Crack I and Crack II, resulting in a substantially lower, non-life sentence.

## FINDINGS and CONCLUSIONS

### I. Petitioner's Claims

Petitioner contends that when this court sentenced him in 1996 and re-sentenced him in 1998, the court refused to run the federal sentence concurrent with the sentence

-1-

previously imposed on him in state court, even though such state offense was based on the same conduct for which he was convicted in this court. Petitioner contends that the court declined his request because the federal sentence was for a term of life imprisonment.

Subsequent to the 1998 resentencing, this court twice reduced petitioner's sentence under "Crack I" and "Crack II," resulting in the entry of non-life sentences. On August 16, 2012, this court imposed a sentence of 324 months under the Crack II amendments and directed that all other provisions of the judgment dated May 20, 1996, would remain in effect. Order (#367) at 1. Petitioner did not file a direct appeal from the August 16, 2012, Order.

Petitioner now contends that since he is no longer facing a federal life sentence, the court should further amend the judgment and run the federal sentence concurrent with the state sentence, all pursuant to § 5G1.3(b) of the United States Sentencing Guidelines.

**II.     Construing the Claims in a Light Most Favorable to Petitioner**

Initially, the court observes that this is not a claim under Setser v. United States, 132 S.Ct. 1463 (2012), which held that a district court should indicate at sentencing whether it intends to run a federal sentence concurrent with an anticipated, but not yet imposed, state sentence involving the same conduct underlying the federal sentence. Petitioner herein does not make a Setser argument; instead, he contends that he had already been sentenced in state court for conduct underlying the instant offenses when he was originally sentenced in this court.

-2-

Petitioner contends that this court erred when it resentenced him in 2009 and again in 2012 to a less-than-life sentence, but did not at that time make a determination under § 5G1.3(b) as to whether the federal sentence should be run concurrent with the state sentence. Review of the pleadings reveals that when the undersigned resentenced petitioner in 2012, he was represented by counsel, who did not raise a § 5G1.3(b) issue with the court in any pleading or in her objections to the revised PSR. Indeed, the sentence this court imposed was precisely the sentence petitioner's counsel advocated, which was a bottom-of-the-Guidelines sentence of 324 months. Objections (#355) at 3. Thus, considering the allegations of the letter alongside the record in the criminal case, petitioner appears to state the following claim:

> I. Petitioner received ineffective assistance of counsel at resentencing when counsel failed to raise the issue of running petitioner's federal sentence concurrent with the earlier imposed state sentence.

### III. Second or Successive Petition

The court has also considered whether this is a second or successive Section 2255 petition. It is arguable that the instant petition is not barred as a second or successive petition (even though petitioner has filed two previous Section 2255 petitions) inasmuch as the instant petition raises an issue that could not have been raised at the time petitioner filed his first two petitions. See Stewart v. Martinez–Villareal, 523 U.S. 637, 643–46 (1998); Sustache–Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000).

### IV. Signed Under Penalty of Perjury

The petition has not been signed under penalty of perjury, see Rule 2(b)(5), 28

U.S.C. § 2255; however, such could be cured by petitioner filing with the court an affidavit averring to and adopting the contentions of his petition or filing an Amended Petition.

**V.     Timeliness**

The court has considered whether the petition was filed within one year of the conviction becoming final in accordance with § 2255(f).  Here, the court entered its Order amending the judgment on August 16, 2012, which became final when petitioner failed to file an appeal within 14 days, making petitioner's October 30, 2013, filing untimely.[1]  The court will not, however, dismiss the petition as untimely at this time as the Section 2255(f) period of limitation is an affirmative defense that is subject to waiver by the United States.  Petitioner is advised that the government may well move to dismiss this action as untimely.

**VI.    Castro Notice**

Next, the petition has not been filed on Section 2255 forms and, while seeking relief from the court, the letter does not mention Section 2255, which are factors which advise providing petitioner with Notice under Castro v. United States, 540 U.S. 375 (2003) of the court's intent to construe the petition as one under Section 2255, unless petitioner elects otherwise.

In accordance with Castro v. United States, 540 U.S. 375 (2003), petitioner is

---

1    Petitioner's letter is undated and he does not indicate in his letter when he delivered it to prison authorities for mailing.  The earliest possible date of mailing is, based on the contents of the letter, October 30, 2013, the date on which petitioner states prison authorities advised him of its inability to run his sentence concurrent with the state sentence absent a court order.   Letter (#376) at 1.

advised that the court intends to recharacterize this motion as an attempt to file a motion pursuant to 28 U.S.C. § 2255. Petitioner is provided an opportunity to advise the court whether he agrees or disagrees with this recharacterization of the motion.

Before making this decision, petitioner should consider that if the court construes this motion as one brought pursuant to § 2255, it could be considered his first § 2255 petition, which will mean that before defendant can thereafter file a second or successive § 2255 petition, petitioner must apply for and receive certification from the United States Court of Appeals for the Fourth Circuit. In making such determination, petitioner should consider that the law imposes a one year statute of limitations on the right to bring a motion pursuant to §2255(f). He is advised to discuss this matter with legal counsel if counsel remains in the case and that he is required to respond within 30 days of service of this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendant may comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

Signed: November 26, 2013

Max O. Cogburn Jr.
United States District Judge