UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00715-MOC
[3:95cr31]

| | |
|---|---|
| **CEDRIC LAMONT DEAN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| Vs. | ) MEMORANDUM OF DECISION |
| | ) and ORDER |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on petitioner's pro se Motion for Clarification on Whether Sentence is to Run Concurrent and his counsel's Motion to Reconsider Sentence, both filed in the underlying criminal action rather than this Section 2255 proceeding. The court has transferred both motions to this Section 2255 proceeding and has directed the government to respond. Upon consideration of the motions, the record, and the government's response, the court dismisses the action without prejudice as petitioner has presented a successive petition without first securing permission from the Court of Appeals for the Fourth Circuit.

**FINDINGS and CONCLUSIONS**

**I.     Sentencing Background**

Petitioner was convicted on December 1, 1995, after a trial by jury, which returned its Verdict of guilty as to counts 1, 4, 5, and 6 of the Bill of Indictment. Such conviction included conspiracy to possess with intent to distribute powder and crack cocaine within 1,000 feet of a protected area (a violation of 21 U.S.C. §§ 841(a)(1), 860, and 846), possession with intent to distribute crack and powder cocaine and aiding and abetting the same (in violation of 21 U.S.C.

1

§ 841(a)(1) and 18 U.S.C. § 2), possession of a firearm during and in relation to a drug trafficking offense (a violation of 18 U.S.C. § 924(c)(1)), and possession of a firearm by a convicted felon (a violation of 18 U.S.C. § 922(g)(1)). Prior to trial, the government filed a Bill of Information pursuant to 21, United States Code, Section 851, providing petitioner with notice that the government intended to rely on his prior felony drug conviction at sentencing.

On May 20, 1996, a sentencing hearing was held and petitioner was sentenced to life in prison, plus a consecutive term of five years. Judgment was entered June 21, 1996. Petitioner appealed from such Judgment and the action was remanded by the Court of Appeals for the Fourth Circuit on April 27, 1998, for resentencing. A resentencing hearing was held December 14, 1998, and petitioner was again sentenced to life imprisonment followed by a consecutive term of five years. The first Amended Judgment was entered December 18, 1998.

On June 29, 2001, petitioner filed his first Motion to Vacate under Section 2255. This court dismissed that motion on October 31, 2001, as untimely filed under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner appealed that determination to the Court of Appeals for the Fourth Circuit, which denied the certificate of appealability and dismissed the appeal. Dean v. United States, No. 02-6070 (4th Cir. Mar. 26, 2006).

Based on Amendment 706 to the United States Sentencing Guidelines (commonly known as "Crack I"), this court entered an Order in accordance with 18 U.S.C. 3582 on September 17, 2009, reducing petitioner's aggregate sentence from life plus five years to a total aggregate sentence of 420 months. On March 17, 2011, the criminal action was reassigned to the undersigned.

On February 2, 2012, a new Presentence Investigation Report was filed based on Amendment 750 ("Crack II"). That PSR reported that "[a]pplication of Amendment 750

provides no change in the guideline range." PSR (#348) at 2. The government opposed any further reduction under Amendment 706, Response (#349), and the court entered an Order (#350) denying relief under Crack II. Within 28 days of entry of that Order, petitioner filed a counseled Motion to Vacate (#351) that Order, which this court allowed, and provided petitioner an opportunity to respond or object to the Crack II PSR.

After considering petitioner's objections, the revised PSR, and the Response in Opposition of the United States, this court further reduced petitioner's sentence as to Counts 1 and 4 (the only counts impacted by Amendments 706 and 750) from 360 months to 324 months. Such reduction left petitioner with an aggregate sentence of 384 months, inasmuch as the 60 month consecutive sentence as to Count 5 was unaffected by either Crack I or Crack II. An Order consistent with such determination was entered on August 17, 2012. Order (#367).

## II. Procedural History of Present Motion

In an undated letter to the court, postmarked November 15, 2013, and filed in this court November 18, 2013, petitioner sought relief from this court's latest amended Judgment by requesting that this court clarify whether he was to receive credit for time served in the custody of the State of North Carolina based on conviction of an offense he contends was part of the offense conduct herein. The court construed the pro se motion as a second or successive Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and construed his letter in a light most favorable to him as asserting the following claim:

I. Petitioner received ineffective assistance of counsel at resentencing when counsel failed to raise the issue of running petitioner's federal sentence concurrent with the earlier imposed state sentence.

Dean v. United States, 3:13cv715, Order (#3).

3

After entry of that Order, counsel for petitioner filed a Motion to Reconsider in the criminal action. United States v. Dean, 3:95cr31-3 (#384). In pertinent part, counsel stated that the "court read his letter as a potential 2255 petition; however, what he is requesting is a reconsideration of the imposed sentence that gives him the sentencing credit he deserves." Id. at 4. Counsel then argued that "[s]ince this court recently sentenced him to 324 months, his sentence should be reconsidered and credited [with the 30 months petitioner contends he served on a drug offense related to count of conviction herein]." Id. at 6.

After conducting an initial review of petitioner's letter and counsel's motion, the court directed the government to file its response. The government filed its Response on February 25, 2014, and seeks dismissal of the petition as successive.

**II.     Discussion**

**A.  Procedural Bar**

As noted above, petitioner filed a previous Motion to Vacate, Set Aside or Correct Sentence on June 29, 2001, which was denied by this court on October 31, 2001. Petitioner's previous §2255 filing makes the instant filing a second or successive petition under the AEDPA. See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. Specifically, "[b]efore a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. The court will, therefore, dismiss the petition without prejudice as successive.

### B. Counsel's Motion

Finally, the court has given careful consideration to counsel's argument that petitioner is not attempting to file a successive petition, but is simply attempting to have this court reconsider its § 3582 Order amending the Judgment to give petitioner credit for the 30 months he contends he spent in state prison for conduct which he contends was part of the offense conduct herein. While acknowledging that separate sovereigns may lawfully impose separate punishments, this court is generally not adverse to a defendant receiving credit for time served in a state system for conduct that is also included in the offense conduct in federal court. When such a request is made at a time or in a manner allowed by law, the court does not hesitate to grant such relief in appropriate cases.

What is, however, missing from counsel's request is any argument as to a viable procedural mechanism for accomplishing that task more than a year after Judgment was amended and nearly 19 years after defendant was convicted and nearly 18 years since he was sentenced. In addition, there is no explanation as to why such concern was not raised earlier either at the original sentencing or on direct appeal. Nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

The court has closely reviewed the criminal rules and statutes for any avenue under which this court could "Reconsider the Sentence" as counsel suggests. Under Rule 35(a), Federal Rules of Criminal Procedure, the court may correct a sentence resulting from arithmetical, technical, or other clear error within 7 days after sentencing; however, no such error has occurred and that time has well passed. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or

other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Cr. P. 36. Counsel for petitioner has not shown that there was any clerical error or error resulting from oversight or omission in the latest Order amending petitioner's Judgment. The court has also reviewed 18, United States Code Section, 3582(c), which provides no relief in this circumstance.

Finally, the relief sought by petitioner and his counsel is not to be found in this court, but, as a matter of law, through the Bureau of Prisons. In Setser v. United States, 132 S.Ct. 1463, 1468 (2012), the Supreme Court determined that a federal district court has the discretion to order a criminal defendant's sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence. That decision does not mean that this court determines whether to credit a criminal defendant for time served on an already imposed state sentence. As other courts have observed:

> there is no basis to conclude that the decision in Setser would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in Setser contemplates that post-judgment adjustments, if necessary, will be addressed by the Bureau of Prisons.

United States v. Short, 2014 WL 645355, 1 (M.D.N.C. Feb. 18, 2014). Post-Setser, the Bureau of Prisons has continued to follow its procedures for determining credit. Brown v. Zych, No. 7:11CV605, 2012 WL 5386339 (W.D.Va. Nov. 1, 2012). As to receiving credit for a state sentence, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b), id. at 334-35, a decision which remains undisturbed by Setser. If petitioner is dissatisfied with the decision rendered by the BOP under §3585(b), he must first

exhaust his administrative remedies and only then may he file a §2241 in the *district of confinement*.

***

While the court appreciates the efforts of counsel, who is appearing *pro bono*, the court believes her efforts may be better directed by assisting petitioner in seeking relief through the Bureau of Prisons. Indeed, if the conduct punished by the state was in fact part of the offense conduct herein, counsel should be able to readily supply the BOP with documentation needed to make petitioner's § 3585(b) argument. If dissatisfied after exhausting administrative remedies, counsel could then assist petitioner in filing a §2241 action in the district in which he is housed.

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's pro se Motion for Clarification on Whether Sentence is to Run Concurrent and petitioner's counsel's Motion to Reconsider, deemed to be a second or successive Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, are **DISMISSED WITHOUT PREJUDICE** as petitioner failed to obtain prior authorization by the Court of Appeals for the Fourth Circuit.

## Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief

7

on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 1, 2014

Max O. Cogburn Jr.
United States District Judge