UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:95-cr-00031-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | MEMORANDUM OF DECISION |
| | ) | |
| CEDRIC LAMONT DEAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Reduce Sentence under U.S.S.G. Amendment 782 ("Amendment 782").

## FINDINGS AND CONCLUSIONS

**I.  Pending Motion**

In accordance with the Standing Order of this district concerning processing Amendment 782 petitions, Probation and Pretrial Services filed a Supplement to the Presentence Report Pursuant to Guideline Amendment 782 (#391) (the "Supplement"). In the Supplement, Pretrial Services determined that under Amendment 782 defendant qualified for a reduction in his sentence on the drug trafficking counts from 324 months to 262 months (the bottom of the advisory guidelines range), with his consecutive sentence of 60 months on the gun conviction remaining unchanged. Defendant, through counsel, filed Objections (#392) to the Supplement. While he agrees that he qualifies for a reduction to 262 months under Amendment 782, he takes issue with the statement in the Supplement that he cannot now receive credit for the 30 month sentence he served in state court. It appears to be undisputed that such state court conviction was premised on

1

the same conduct on which defendant's federal drug convictions were obtained. Defendant contends that despite the error in his attorney failing to argue for such credit at sentencing in June 1996, where the late Honorable William Osteen, Sr., United States District Judge, sentenced him to life imprisonment, this court can correct this error as part of resentencing.

The government has filed a Response, arguing that while defendant qualifies for relief under Amendment 782, the court should not exercise its discretion to grant such relief based on defendant's record of misconduct while incarcerated. The government points to nine disciplinary actions, including three instances of fighting, disruptive conduct, and assault without serious injury. In addition, the government argues that the court should not now credit defendant for time served in state confinement, despite such sentence being premised on conduct that was relevant conduct to his federal offenses. The government argues that, despite having no incentive at the time due to the life sentence, defendant could have requested credit at his sentencing before Judge Osteen in the event his sentence was ever reduced and that the time for requesting such relief has well passed.

## II. Discussion

### A. Post-Judgment Proceedings and History of Litigation Concerning Lack of Credit for Time Served

The history of the sentence and the lack of credit for state time served is tortured. Defendant was convicted on December 1, 1995, after a trial by jury, which returned its Verdict of guilty as to counts 1, 4, 5, and 6 of the Bill of Indictment. Such conviction included conspiracy to possess with intent to distribute powder and crack cocaine within 1,000 feet of a protected area (a violation of 21 U.S.C. §§ 841(a)(1), 860, and 846), possession with intent to distribute crack and powder cocaine and aiding and abetting the same (in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2), possession of a firearm during and in relation to a drug trafficking offense (a violation

of 18 U.S.C. § 924(c)(1)), and possession of a firearm by a convicted felon (a violation of 18 U.S.C. § 922(g)(1)). Prior to trial, the government filed a Bill of Information pursuant to 21, United States Code, Section 851, providing defendant with notice that the government intended to rely on his prior felony drug conviction at sentencing.

On May 20, 1996, a sentencing hearing was convened by Judge Osteen and defendant was sentenced to life in prison, plus a consecutive term of five years. Judgment was entered June 21, 1996. Defendant appealed from such Judgment and the action was remanded by the Court of Appeals for the Fourth Circuit on April 27, 1998, for resentencing. A resentencing hearing was held December 14, 1998, and defendant was again sentenced to life imprisonment followed by a consecutive term of five years. The first Amended Judgment was entered December 18, 1998.

On June 29, 2001, defendant filed his first Motion to Vacate under Section 2255. This court dismissed that motion on October 31, 2001, as untimely filed under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Defendant appealed that determination to the Court of Appeals for the Fourth Circuit, which denied the certificate of appealability and dismissed the appeal. Dean v. United States, No. 02-6070 (4th Cir. Mar. 26, 2006).

Based on Amendment 706 to the United States Sentencing Guidelines (commonly known as "Crack I"), this court entered an Order in accordance with 18 U.S.C. 3582 on September 17, 2009, reducing defendant's aggregate sentence from life plus five years to a total aggregate sentence of 420 months.

On March 17, 2011, the criminal action was reassigned to the undersigned. On February 2, 2012, a new Presentence Investigation Report was filed based on Amendment 750 ("Crack II"). That PSR reported that "[a]pplication of Amendment 750 provides no change in the guideline

range." PSR (#348) at 2. The government opposed any further reduction under Amendment 706, Response (#349), and the court entered an Order (#350) denying relief under Crack II.

Within 28 days of entry of that Order, defendant filed a counseled Motion to Vacate (#351) that Order, which this court allowed, and provided defendant an opportunity to respond or object to the Crack II PSR. After considering defendant's objections, the revised PSR, and the Response in Opposition of the United States, this court further reduced defendant's sentence as to Counts 1 and 4 (the only counts impacted by Amendments 706 and 750) from 360 months to 324 months. Such reduction left defendant with an aggregate sentence of 384 months, inasmuch as the 60 month consecutive sentence as to Count 5 was unaffected by either Crack I or Crack II. An Order consistent with such determination was entered on August 17, 2012. Order (#367). No request was made at that time to provide relief for the missed credit for time served.

In an undated letter to the court, postmarked November 15, 2013, and filed in this court November 18, 2013, defendant sought relief from the court's last amended Judgment by requesting that the court clarify whether he was to receive credit for time served in the custody of the State of North Carolina based on conviction of an offense he contended was part of the offense conduct herein. The court construed the *pro se* motion as a second or successive Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and construed his letter in a light most favorable to him as asserting the following claim:

> I. Defendant received ineffective assistance of counsel at resentencing when counsel failed to raise the issue of running defendant's federal sentence concurrent with the earlier imposed state sentence.

Dean v. United States, 3:13cv715, Order (#3).

After entry of that screening Order based on defendant's uncounseled civil petition, counsel for defendant again appeared and filed a Motion to Reconsider in this action. Motion to Reconsider

(#384). In pertinent part, counsel stated that the "court read his letter as a potential 2255 petition; however, what he is requesting is a reconsideration of the imposed sentence that gives him the sentencing credit he deserves." Id. at 4. Counsel then argued that "[s]ince this court recently sentenced him to 324 months, his sentence should be reconsidered and credited [with the 30 months defendant contends he served on a drug offense related to count of conviction herein]." Id. at 6. After conducting an initial review of defendant's letter and counsel's motion, the court directed the government to file its response. The government filed its Response on February 25, 2014, and sought dismissal of the petition as successive.

On April 1, 2014, the court entered an Order dismissing the petition as successive. The court determined that defendant failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. The court also considered whether the counseled motion filed on defendant's behalf was not a successive petition, but was simply a motion for reconsideration its § 3582 Order amending the Judgment, so that defendant could be credited for the 30 months he spent in state prison for conduct which was part of the offense conduct herein. This court determined, however, as follows:

> What is, however, missing from counsel's request is any argument as to a viable procedural mechanism for accomplishing that task more than a year after Judgment was amended, nearly 19 years after defendant was convicted, and nearly 18 years since he was sentenced. In addition, there is no explanation as to why such concern was not raised earlier either at the original sentencing or on direct appeal. Nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

Order (#385) at 5. Ultimately, the court determined that defendant's Motion to Reconsider was made outside the time allowed under Rule 35. See Order (#385) at 5-6.

B.   **Whether Credit Can Be Granted**

In opposing the corrective relief sought by defendant in tandem with consideration of a sentence reduction under Section 3582(c)(2), the government contends that a reduction cannot be granted where the court has not earlier awarded defendant a credit for a state sentence under U.S.S.G. § 5G1.3(b). Response (#396) at ¶ 8. While acknowledging that defendant had no incentive at his sentencing hearing to request credit for time served because he received a life sentence, the government contends that defendant could have sought such credit under § 5G1.3(b) in 1996 in the event his sentence was ever reduced. While the court agrees with the government that nothing precluded defendant's trial counsel from asking for credit for time served, the court does not necessarily agree that it would occur to a practitioner to ask for credit for time served after a judge has imposed a guideline sentence of life without parole. In 1996, the guidelines were mandatory, crack cocaine was the third rail for defendants, and prospects for sentencing reform were not on even the most optimistic practitioner's horizon.

To determine whether Section 3582(c)(2) provides courts with the ability to correct a sentencing error, the court has first looked to the Supreme Court decision in Dillon v. United States, 560 U.S. 817 (2010) for guidance. In Dillon, the defendant contended that the trial court could, when "resentencing" under § 3582(c)(2), correct two mistakes that were made in *calculating* his original sentence in 1993. Id. at 831. The Court held, as follows:

> Dillon's arguments in this regard are premised on the same misunderstanding of the scope of § 3582(c)(2) proceedings dispelled above. As noted, § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructs that a court proceeding under § 3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding

6

> authorized by § 3582(c)(2), and the District Court properly declined to address them.

Dillon v. United States, 560 U.S. 817, 831 (2010). At first blush, it would appear that Dillon would preclude precisely what defendant asks this court to do in his case. However, in United States v. Malloy, 845 F.Supp.2d 475 (N.D.N.Y. 2012), the district court was faced with a similar, although not identical issue as has been presented here. From the outset, the court agrees with the government that the situation presented in Malloy is not precisely the issue presentment here; it is, however, the most instructive case this court could find. In Malloy, after considering the language of Dillon, the trial court determined that U.S.S.G. § 1B1.10(b)(2) did not bar the court from applying a credit for prior custody under U.S.S.G. § 5G1.3(b). The Malloy court reasoned that in applying a § 5G1.3(b) credit, it was not improperly lowering the guideline range – which would clearly violate the policy statement of the Commission -- but was crediting defendant for time served under the new guideline range. Id. at 483.

This court agrees with its colleague in Malloy that applying a credit for time served that was overlooked earlier has no impact on determining whether a defendant qualifies for a sentence reduction or the calculation of the resulting guideline range. Because applying any credit for time served comes only *afte*r such § 1B1.10(b)(1) determination, such proposed corrective action does not offend the policy statement of the Sentencing Commission or the direction provided by the Court in Dillon.

### C. Amendment § 782 Reduction

Under § 3582, this court conducts a two-step inquiry in deciding a motion for a reduced sentence. First, the court must determine whether the defendant is eligible for a sentence modification under the Sentencing Commission's policy statement regarding sentence reductions resulting from amendments to the Guidelines. Second, the court must consider any applicable

7

statutory sentencing factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is in fact warranted in whole or in part under the particular circumstances of the case. 18 U.S.C.A. §§ 3553(a), 3582(c)(2); U.S.S.G. § 1B1.10. Such inquiry is an individualized one and this court gives particular consideration of how a defendant has utilized his or her time while incarcerated.

At the first step, the court agrees with the parties and the conclusion of Pretrial Services in the Supplement that defendant is eligible for a reduction.

At the second step, the court has considered the totality of the circumstance as gleaned from the Supplement, defendant's Objections and exhibits, and the government's Response. In doing so, the court has considered each of the Section 3553(a) factors. First, the court has considered the disciplinary actions cited by the government. The court considers the worst to be the "assault without serious injury" which occurred in 2009. While engaging in fights and assaultive behavior weighs against a defendant, the court notes that it has been nearly six years since defendant was cited for either fighting or assault. In contrast to the list of infractions, it appears that defendant has amassed an impressive list of accomplishments during his nearly 20 years of incarceration as outlined at page three of the Supplement. Supplement (#391) at 3. The court has also has considered letters from members of the Charlotte community, including: a letter from the Pleasant Hill Baptist Church, which states that he will be welcomed into their community; and a letter from a retired CMPD detective (who was recalled to work in the Office of the Chief of Police), who is familiar with defendant's criminal past as a young man, but which is equally supportive and optimistic about defendant's potential for contributing to the community. In addition, the court has considered the information provided concerning defendant's accomplishments, initiatives, and publications while incarcerated. See Motion (#388) at 8.

Finally, the court is also cognizant of defendant by and through his interactions with the court over the past four years through pro se filings in which he has shown a great deal of maturity and civility.

Having considered all the Section 3553(a) factors based on a totality of the circumstances, the court has determined to allow the Amendment 782 reduction. The court determines that upon application of Amendment 782, defendant has a total offense level of 37 and a criminal history category of III, resulting in an advisory guideline range of 262 to 327 months.

Consistent with previous reductions, the court will impose a sentence at the bottom of the guideline range of 262 months for the offenses of conviction as to which such guideline range applies as a sentence at the low end of the guideline range appears to be sufficient to fulfill the statutory purposes of sentencing, especially protection of the public, punishment, and deterrence. The previously imposed sentence of 60 months on the gun conviction remains unaffected and shall, consistent with prior judgments, be run consecutive to the sentence of 262 months, for an aggregate sentence of 322 months.

### D. Affording Credit for Time Served in State Custody

Finally, the court has considered under U.S.S.G. § 5G1.3(b) defendant's request that he be allowed credit for time served in state custody for conduct that was undisputedly related to the offense conduct being punished by this court's revised aggregate sentence of 322 months. The court has read the relevant portions of the transcript and determined that the time spent by defendant in state custody was conduct that was clearly related to the offenses of conviction in his federal case. Having considered such request under § 5G1.3(b), the court will grant the request

and apply a credit of 30 months against such aggregate sentence, for a revised aggregate sentence of 292 months.[1]

### E. Conclusion

While the government's arguments are well taken as to both Amendment 782 and the proposed corrective action, the court finds both to be consistent with the requirements of Section 3582. The court agrees with the government that Amendment 782 provides a narrow and defined field of concern and that what can be considered in calculating a new guideline range under that provision is circumscribed; however, the reasoning of the court in <u>Malloy</u> is not only persuasive, it is supported by a close reading of <u>Dillon</u>. Moreover, the corrective relief sought by is just. To hold otherwise when finally given the opportunity to do so -- albeit under the narrowest of circumstances -- would result in an uncalled-for (if not undeserved) deprivation of liberty as defendant would be required to re-serve time everyone agrees he has already served. An Order consistent with this Memorandum of Decision is entered simultaneously herewith.

Signed: September 16, 2015



Max O. Cogburn Jr
United States District Judge

---

[1] The court notes that defense counsel at page one of her Objections states that the credit should be 30 months, while at page eight states that such reduction should be 28 months. See Objections (#392) at 1 & 8. Exhibit 1 to defendant's earlier Motion for Reconsideration (#384), which is the jail record for such period of incarceration, is informative and persuades the court that defendant served 29 months and 21 days, yielding a time-served credit of 30 months.